IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARILYN MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Ronald A. Guzmán |
| ) | |
| TGI FRIDAY'S, INC., ) | 05 C 6445 |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Marilyn Miller has sued TGI Friday's, Inc. for negligence because she slipped and fell in one of its restaurants. Miller originally filed her lawsuit in state court, but defendant removed the case to this Court pursuant to 28 U.S.C. § 1441, *et seq.*, and 28 U.S.C. § 1332. Before the Court is defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. For the reasons set forth below, the Court denies the motion.

## FACTS

At approximately 6:00 p.m. on May 30, 2003, Miller arrived at defendant's restaurant located in downtown Chicago. (Def.'s LR 56.1 Stmt. Material Facts Supp. Mot. Summ. J. ("Def.'s LR 56.1 Stmt.") ¶¶ 8-10.) She was accompanied by her husband, son and her son's girlfriend. (*Id.* ¶ 8.) This was the first time Miller had ever been to this particular restaurant. (*Id.* ¶ 11.) After she was finished eating, Miller left the table to use the bathroom. (*Id.* ¶ 15.) No one from her party accompanied her to the bathroom. (*Id.* ¶ 20.)

In order to reach the bathroom, Miller had to walk up a set of stairs, pass through the bar area and walk down another set of stairs. (*Id.* ¶ 17.) She used the handrails when she walked on

both sets of stairs. (*Id.* ¶ 22.) When she reached the second-to-last step of the second set of stairs, her left foot slipped on the step and she fell to the floor and landed on top of her foot and backside. (*Id.* ¶¶ 23, 25.) After she fell, she looked back at the stairs and noticed there was a piece of green lettuce on the second-to-last step. (*Id.* ¶ 26.) The lettuce was three inches long, two inches wide and had four or five drops of water on it. (*Id.* ¶ 26.) Miller did not remember seeing the piece of lettuce on the step prior to her fall. (Pl.'s Resp. Def.'s LR 56.1 Stmt. Material Facts Supp. Mot. Summ. J. ("Pl.'s Resp. Def.'s LR 56.1 Stmt.") ¶ 24.) Further, she did not know how long the lettuce had been on the step before she slipped on it. (Def.'s LR 56.1 Stmt. ¶ 27.)

There was a group of eight or nine women sitting at a nearby table who saw Miller slip on the lettuce and fall. (*Id.* ¶ 28.) None of these women told her how long the lettuce had been on the step and she did not obtain these witnesses' names. (*Id.* ¶¶ 29-30.) In addition, Miller's husband, son and son's girlfriend did not see her fall or know anything about the condition of the stairs. (Def.'s LR 56.1 Stmt. ¶¶ 18-19, 31-39.)

After she fell, three of defendant's employees spoke to Miller and apologized for her fall. (Pl.'s Resp. Def.'s LR 56.1 Stmt. ¶ 38.)[1] An assistant manager of the restaurant apologized for the lettuce being on the step. (*Id.*) Next, a waiter apologized for her falling. (*Id.*) Finally, a hostess apologized to Miller and Miller overheard that hostess tell another employee that "they should have cleaned up the stair." (*Id.*; Def.'s Ex. D, Miller Dep. at 107.)

---

[1] Defendant's LR 56.1 Statement of Material Facts is numbered incorrectly. (Def.'s LR 56.1 Stmt. ¶¶ 37-39, 38.) Miller's Paragraph 38 denial should be numbered as Paragraph 40. Plaintiff and defendant both treat Paragraph 38 as if it were numbered as Paragraph 40, and the Court will do the same.

## DISCUSSION

Summary judgment should only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When determining if summary judgment is appropriate, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. It is not the judge's function to weigh the evidence or make credibility determinations; rather, these are issues that should be resolved by a jury. *Id.*

To prove a negligence claim in Illinois, "the plaintiff must establish the existence of a duty owed by the defendant, a breach of that duty, and an injury proximately resulting from that breach." *Pavlik v. Wal-Mart Stores, Inc.*, 753 N.E.2d 1007, 1010 (Ill. App. Ct. 2001). "[A] proprietor owes a business invitee the duty of exercising ordinary care in maintaining the premises in a reasonably safe condition." *Donoho v. O'Connell's, Inc.*, 148 N.E.2d 434, 437 (Ill. 1958).

Defendant does not contend that it did not owe Miller a duty or that her injury was not proximately caused by the fall. Defendant sole argument is that it did not breach its duty to exercise ordinary care in maintaining the premises in a reasonably safe condition because it had no notice of the condition which caused her to slip and fall. In a slip-and-fall case, a defendant will be found to have breached its duty if: "(1) the substance was placed there by the negligence of the proprietor, or (2) his servant knew of its presence, or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been

3

discovered, i.e. the proprietor had constructive notice of the substance." *Hayes v. Bailey*, 400 N.E.2d 544, 546 (Ill. App. Ct. 1980).

First, Miller argues that defendant was responsible for the existence of the lettuce and water on the stair and, accordingly, the issue of whether or not it had notice is immaterial. (Pl.'s Mem. Supp. Resp. Def.'s Mot. Summ. J. ("Pl.'s Mem.") 5.) "[W]here the foreign substance is on the premises due to the negligence of the proprietor or his servants, it is not necessary to establish their knowledge, actual or constructive." *Donoho*, 148 N.E.2d at 437. In order to prove it was the defendant's negligence that caused the foreign substance to be on the floor, the plaintiff must make two showings. *Id.* at 438-39. First, the plaintiff must demonstrate that the substance she slipped on "was closely related to defendant's operations." *Id.* at 440. Second, she must present additional evidence from which "it could be reasonably inferred that it was more likely that the [substance] was on the floor through the act of defendant's servant, than by the acts of any customer." *Id.* at 441.

In the instant case, Miller argues in her response brief that lettuce and water are both items served to customers at defendant's restaurant. However, the facts upon which she relies to support this assertion were not included or cited in her response to defendant's statement of material facts or listed in an additional statement of facts. (*See* Pl.'s Resp. Def.'s LR 56.1 Stmt.) As such, Miller offered no facts to establish that the lettuce was a product sold or related to defendant's operations. Miller also failed to present evidence showing it was more likely than not that defendant was responsible for the lettuce being on the stair because again, the facts Miller upon which she relies to support this argument were not included or cited in her response to defendant's statement of material facts or listed in an additional statement of facts. (*See id.*) Therefore, the Court ignores the purported facts raised solely in her response brief for purposes

4

of the summary judgment motion. *See Cichon v. Exelon Generation Co.*, 401 F.3d 803, 810 (7th Cir. 2005).

Second, Miller argues that her negligence claim must proceed to trial because she has raised a genuine issue as to a material fact regarding whether defendant had notice of the lettuce and water on the stair. "[L]iability may be imposed if it appears that the proprietor or his servant knew of its presence, or that the substance was there a sufficient length of time so that in the exercise of ordinary care its presence should have been Discovered." *Olinger v. Great Atl. & Pac. Tea Co.*, 173 N.E.2d 443, 445 (Ill. 1961).

To support her position that defendant had notice, Miller argues that statements made by some of the women who were seated near the staircase demonstrate that defendant knew or should have known that the lettuce was on the stair. (Pl.'s Mem. 7-8.) For instance, she states that "one of the girls told [her] she didn't know why somebody hadn't cleaned it and why there was no sign." (*Id.* 7.) It is her contention that because other customers noticed the lettuce, a jury could reasonably conclude that the lettuce had been there long enough to establish constructive notice. (*Id.*) Again, Miller neither included these facts in her response to defendant's statement of material facts, nor provided the Court with a statement of additional facts pursuant to Local Rule 56.1(b)(3). Again, it is well-established that a district court is entitled to disregard additional facts that do not comply with Local Rule 56.1. *Cichon*, 401 F.3d at 810. In addition, this Court does not consider Miller's argument that her fall was caused by the worn slip resistant stripping on the stairs for the same reason.

Defendant argues that summary judgment is proper because Miller has offered no admissible evidence that any of its employees had actual notice of the lettuce and water on the stair prior to Miller's fall. (Def.'s Reply Pl.'s Resp. Def.'s Mot. Summ. J. 12.) Although

defendant cites a particular point in Miller's deposition during which she stated that, aside from the waiter[2] and the assistant manager, she did not remember hearing any other employee say anything about her slip and fall on the stairs (*see* Def.'s Ex. D, Miller Dep. at 106), Miller later recanted this statement after being asked a series of questions by her attorney (*id.* 106-07). Defendant's counsel failed to object to these leading questions during the deposition and, as a result, has waived the objection. *See Roy v. Austin Co.*, 194 F.3d 840, 844 (7th Cir. 1999).

In her response to defendant's statement of facts, Miller cites her own deposition in which she stated that she overheard the hostess, who had previously assigned Miller's party to a particular table in the restaurant, tell a customer that "they should have cleaned up the stair." (Def.'s Ex. D, Miller Dep. at 107.) Because this is an out-of-court statement offered to prove the truth of the matter asserted, the Court must determine whether the statement falls within one of the exceptions to hearsay.

"A statement is *not* hearsay if . . . offered against a party and is a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Fed. R. Evid. 801(d)(2)(D) (emphasis added). For a statement to fall within the Federal Rule of Evidence 801(d)(2)(D) exception, it must satisfy two requirements. *Id.* First, it must be an admission. *Id.* To qualify as an admission, the statement "need not be inculpatory," but rather, it "need only be made by the party against whom it is offered." *United States v. McGee*, 189 F.3d 626, 631-32 (7th Cir. 1999). The second

---

[2]After Miller fell, a waiter reassured her that they had cleaned up the lettuce and water. (*Id.*) The waiter's statement that the water and lettuce had been cleaned up is evidence of a subsequent remedial measure and inadmissible pursuant to Federal Rule of Evidence 407, which provides that "[w]hen, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures are not admissible to prove negligence."

relevant inquiry under Rule 801(d)(2)(D) is whether the statement was made within the scope of the declarant's employment. *Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 761 (7th Cir. 2003). "[A]n employee need only be performing the duties of his employment when he comes in contact with the particular facts at issue." *Id.* at 762.[3] The scope of an employee's employment can be established by circumstantial evidence. *Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 538 (2d Cir. 1992).

The particular hostess who said "they should have cleaned the stairs" had seated the Miller party and this is circumstantial evidence that she was responsible for greeting and seating guests within defendant's restaurant. (Def.'s Ex. D, Miller Dep. at 106-08.) It may be reasonably inferred from her duty of walking guests to their assigned table that it was within the scope of her employment to notify another employee of a condition that would make it unsafe for guests to walk within the restaurant or to clean it up herself. *See, e.g., Hall v. Wal-Mart Stores, Inc.*, No. 4:05CV00050, 2006 WL 1075015, at *4 (W.D. Va. Apr. 21, 2006) (holding that cleaning up a spill or telling someone else to do it was within scope of assistant manager's employment). Her statement is sufficient to create a triable issue as to whether the hostess had actual knowledge that there was a piece of lettuce and water on the stair prior to Miller's fall.

In sum, the hostess's statement that "they should have cleaned up the stair" is admissible under Rule 801(d)(2)(D). It is a jury's function to determine its credibility and weigh the

---

[3]Rule 801(d)(2)(D) broadened the traditional agency law approach and "it is no longer necessary to show that an employee or agent declarant possesses speaking authority . . . before a statement can be admitted against the principal." *Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1565 (11th Cir. 1991) (quotation omitted). Instead, the focus is on the scope of the declarant's employment, for it is unlikely that an agent or employee will "make statements damaging to his principal or employer unless those statements are true." *Nekolny v. Painter*, 653 F.2d 1164, 1172 (7th Cir. 1981).

7

evidence accordingly. *Anderson*, 477 U.S. at 255. Thus, the Court denies defendant's motion for summary judgment.

## CONCLUSION

For the reasons set forth above, the Court denies TGI Friday's Inc.'s motion for summary judgment [doc. no. 22-1]. The parties shall be prepared to set a trial date at the next status hearing.

**SO ORDERED**         ENTERED: 3/5/07

HON. RONALD A. GUZMAN
**United States Judge**